UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NORTHLAND INSURANCE COMPANY
UNDERWRITING AS NORTHFIELD
INSURANCE COMPANY

           Plaintiff                  :      CIVIL ACTION
                                        NO. 302 CV 945 (WWE)
V.                           :

DERMA CLINIC, INC.; PATRICIA O'REGAN
BROWN; JOSEPH H. BURDEN;
HOLLY ALLEN; JANE DOE; AND MARY ROE

           Defendants            :      OCTOBER 24, 2003

**SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## I.    PRELIMINARY STATEMENT

The plaintiff hereby supplements its motion for summary judgment in this matter

because the defendants are collaterally estopped from relitigating the issue of whether

Joseph Burden sexually assaulted them while he was an employee of Derma Clinic, Inc.

That issue was conclusively resolved in the plaintiff's favor when Burden pleaded nolo

contendere to two counts of Sexual Assault in the 4th degree, under Conn. Gen. Stat. §

53a-73(a)(2).  The language of the insurance policy at issue here excludes coverage for

injuries resulting from such criminal acts.  Therefore, there is no genuine issue of

material fact, and the plaintiff is entitled to judgment as a matter of law.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

On or about June 11, 2001, defendant, Holly Allen, ("Allen") filed a lawsuit against the defendants, Derma Clinic and Joseph Burden ("Burden") in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport (the "Allen Suit").  On February 20, 2001, defendant, Jane Doe ("Doe"), filed a lawsuit against the defendant, Patricia O'Regen-Brown ("Brown"), Derma-Clinic and Burden in the same court (the "Doe Suit").  On September 9, 2002, Mary Roe ("Roe") also filed a lawsuit against Brown, Derma Clinic and Burden in that same court (the "Roe Suit").

At the time of the incidents alleged in the <u>Allen</u>, <u>Doe</u> and <u>Roe</u> suits, the plaintiff had in effect a policy of insurance naming Derma Clinic as a named insured and bearing policy number CP-383761 (the "Policy").  Derma Clinic and/or Brown tendered the defense of the Allen, Doe and Roe Suits to the plaintiff under the Policy.

The plaintiff thereafter tendered a defense under a reservation of rights to Brown and Derma Clinic.  The plaintiff declined to provide coverage for Burden.  On June 3, 2002, the plaintiff filed this declaratory judgment action.  The plaintiff seeks a declaratory judgment that, based on the clear and unambiguous terms of the Policy, it has no duty to defend or indemnify the defendants.[1]

---

[1]/    The policy excludes coverage for:

> "Any damages arising out of any dishonest, fraudulent, criminal or malicious act or omission of any insured or 'employee'"  [Section I.B.14]

– 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

All of the damages alleged in the Allen, Doe and Roe Complaints arise out of allegations of sexual assault by Burden – conduct constituting an intentional assault for which there is no coverage under the Policy.  On July 8, 2003, Burden pleaded no contest to two counts of Sexual Assault in the 4th degree.  (See Canvass Transcript ("Canv. Trans."), 7/18/2003, pp. 2-4) (Exhibit A).  Burden was then sentenced on September 11, 2003.  (See Sentence Transcript ("Sent. Trans."), 9/11/2003, pp. 28-29) (Exhibit B).

## III.    LEGAL ARGUMENT

### A.    Standard For Granting Summary Judgment

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient [to defeat summary judgment]; there must be some evidence on which the jury could reasonably find for the [non-moving party]."  Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986).  See also Quarles v. General Motors Corp., 758 F.2d 839, 840 (2d Cir.1985).  A motion for summary

– 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

judgment is the proper procedural vehicle to determine whether collateral estoppel

prevents the relitigation of a legal issue.  Aetna Casualty & Surety Co. v. Jones, 220

Conn. 285, 294, 596 A.2d 414 (1991).

**B.    Burden's Nolo Contendere Plea Is Admissible In This Proceeding So As To Bar Coverage**

A plea of nolo contendere is defined as "a plea by which a defendant does not

expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the

court for purposes of the case to treat him as if he were guilty."  State v. Daniels, 248

Conn. 64, 83 (1999) (Berdon, J., concurring), quoting North Carolina v. Alford, 400 U.S.

25, 35, 91 S. Ct. 160, 27 L.Ed.2d 162 (1970).

Connecticut law governs the inquiry as to the preclusive effect of Burden's nolo

contendere plea in a subsequent civil proceeding.  See, e.g., Ritchie v. Landau, 475

F.2d 151, 154 (2d Cir. 1973).  Connecticut has given collateral estoppel effect to a

conviction following a nolo contendere plea in an insurance coverage action.  Allstate

Ins. Co. v. Simansky, 45 Conn. Supp. 623, 738 A.2d 231, 235 (Conn. Super. 1998).  In

Simansky, the court held that a conviction following a nolo contendere plea could have

a collateral consequence on the applicability of an exclusion in an insurance policy for

damages caused by criminal acts of the insured.  Id.

In Simansky, Allstate moved for summary judgment in its declaratory judgment

action against the insured, the defendant Simansky, and the intervening defendant,

Smith.  Smith sustained injuries when Simansky stabbed him in the throat with a knife.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Smith then brought suit against Simansky. Id. at 623. Allstate asserted that pursuant to an exclusion in its policy, it had no duty to indemnify Simansky regarding Smith's claim. Allstate relied on Simansky's nolo contendere plea to first-degree assault for stabbing Smith in the neck. Citing Krowka v. Colt Patent Fire Arm Mfg. Co., 125 Conn. 705, 713, 8 A.2d 5 (1939) (conviction of breach of peace and loitering after plea of nolo contendere not admissible to affect person's credibility), Simansky contended that the conviction was inadmissible. Id. at 628.

The court rejected Simansky's argument. It emphasized that the case before it was a declaratory judgment action seeking the enforcement of a contractual provision, as opposed to a situation where a victim brings a civil suit for injuries resulting from the occurrence underlying the plea. Id. at 627. It held that where what is sought is the enforcement of a contractual provision, "[a] judgment of conviction is conclusive evidence of the insured's guilt. **No independent examination of the underlying fact should be undertaken in order to ascertain his guilt of the crime**. Although a conviction may or may not be conclusive evidence of the underlying facts, it is to be accorded preclusive effect with respect to the insured's commission of the crime." (Emphasis added) Id. at 626.

The Simansky court noted further that "the conviction has a collateral legal consequence on the enforcement of the policy exclusion. For purposes of the exclusion, the conviction cannot be disregarded as if it did not happen. It did happen,

– 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and in so happening triggered the exclusion." Id. at 627.  In reaching its holding, the

Simansky court noted that the criminal court had observed "the strict requirements

regarding nolo contendere pleas imposed by the Practice Book . . . [that] the plea must

be in writing, the defendant must be properly canvassed, the plea must be found to be

voluntary, and the judicial authority must be satisfied that there is a factual basis for the

plea." Id. The Simansky court noted that "[w]here, as here, a statute (or judicial rule)

attaches legal consequence to the fact of a conviction, the majority of courts have held

that there is no valid distinction between a conviction upon a plea **of nolo contendere**

**and a conviction upon a guilty plea** or trial." Id. at 628.  "Connecticut law has long

upheld policy exclusions that have the effect of depriving an innocent victim of the

benefit of the tortfeasor's liability insurance." Id. at 627. Other jurisdictions are in

agreement with this rule. Allstate Ins. Co. v. Brown, 16 F.3d 222 (7th Cir.1994); Allstate

Ins. Co. v. Burrough, 914 F. Supp. 308 (W.D.Ark.1996); Allstate Ins. Co. v. Dillard, 859

F. Supp. 1501 (M.D.Ga.1994); Allstate Ins. Co. v. Schmitt, 238 N.J. Super. 619, 570

A.2d 488 (1990).

Similarly, Burden's judgment of conviction here is "conclusive evidence of [his]

guilt." Simansky, 45 Conn. Supp. at 626.  The policy specifically excludes coverage for

"any damages arising out of any dishonesty, fraudulent, criminal or malicious act or

omission of any insured or 'employee.'"  Burden's nolo contendere plea to the sexual

assault charges establishes that his conduct falls squarely within the conduct proscribed

– 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

under the policy. As such, "[f]or purposes of the exclusion, the conviction cannot be disregarded as if it did not happen. It did happen, and in so happening triggered the exclusion." Simansky, 45 Conn. Supp. at 627.

Simansky's application of a conviction following a nolo contendere plea to a coverage action is consistent with Connecticut law. The Connecticut Supreme Court, in the context of an arbitration governing employment, has held that a nolo contendere plea had collateral estoppel effect so as to permit an employer to discharge an employee who pleaded nolo contendere to charges of embezzlement. Town of Groton v. United Steel Workers of America, 254 Conn. 35, 757 A.2d 501, 512 (2000). Likewise, in Godin v. Godin, 1995 WL 491420, at *2 (Conn.Super. Aug.8, 1995), a conviction based on an Alford plea (which is similar to a nolo contendere plea) was considered by the court to be a material change in circumstances in a divorce and child custody proceeding. (Exh. C). Similarly, in Kostrzewski v. Commissioner of Motor Vehicles, 52 Conn.App. 326, 727 A.2d 233, 240 (1999), the Appellate Court upheld an administrative proceeding which suspended the driver's license of a resident-motorist following the motorist's conviction in Florida pursuant to a nolo contendere plea. Id. It is also notable that civil consequences attach to convictions in proceedings involving attorney licensing and disbarment following nolo contendere pleas. See Practice Book § 2-41(b) ("The term 'conviction' as used herein refers to the disposition of any charge of a serious crime as hereinafter defined resulting from either a plea of guilty or nolo contendere.")

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In consequence of this wealth of authority, a recent district court decision recognized Connecticut's willingness to permit the use of nolo contendere pleas in subsequent civil proceedings. Burrell v. U.S., 2002 WL 31051594 (E.D.N.Y. 2002). (Exh. D). The Second Circuit has also allowed the use of nolo contendere pleas in subsequent civil proceedings. Sokoloff v. Saxbe, 501 F.2d 571, 574, 575 (2d Cir.1974) (Physician's conviction following a plea of nolo contendere for illegally distributing a controlled substance constituted a "conviction" for purposes of revocation of the physician's registration to distribute or dispense a controlled substance)). Decisions from other jurisdictions hold likewise. Munnelly v. United States Postal Service, 805 F.2d 295 (8th Cir. 1986) (Postal Service discharged a postmaster following his nolo contendere plea to an action by the Nebraska Accounting and Disclosure Commission charging the postmaster with financial misconduct); Crofoot v. United States Government Printing Off., 761 F.2d 661, 665 (Fed.Cir.1985) (Court analogized an *Alford* plea to a plea of nolo contendere and added that collateral consequences of a conviction pursuant to either plea should be the same); see also Myers v. Secretary of Health and Human Services, 893 F.2d 840 (6th Cir.1990) (Federal Rules of Criminal Procedure and Federal Rules of Evidence do not preclude the use of a nolo contendere conviction in an administrative proceeding). Therefore, ample authority exists to support the proposition established by the Connecticut Superior Court in Simansky. Namely, that Burden's nolo contendere plea is admissible to bar coverage here.

– 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**C.    The Doctrine Of Collateral Estoppel Bars Coverage Under The Policy**

In considering whether to give preclusive effect to Burden's nolo contendere

plea, the court should consider whether: (1) the issue decided in the prior adjudication

was identical to the issue presented in the present action; (2) the prior adjudication

resulted in a judgment on the merits; and (3) the issue sought to be given preclusive

effect was actually litigated in the prior proceeding. Jones, 220 Conn. at 296.  Further,

Burden must share, to some extent, the same legal rights as the other defendants.

"Although mutuality of the parties is no longer necessary to invoke collateral estoppel . .

. and the adversaries in the first action need not have been party adversaries in the

second action, . . .  the new party must to some extent share the same legal rights as a

party in the original suit."  Pineda v. Hanna, 2000 WL 1912729 (Conn. Super. 2000)

(Melville, J.).  (Exh. E).  Each of these conditions is satisfied here.

> **1.    The Sexual Assault Issue In The Earlier Adjudication Where Burden Pleaded Nolo Contendere And The Issue Of His Conviction For That Crime In The Present Proceeding Are Identical**

The defendant pleaded nolo contendere to sexual assault in the fourth degree in

violation of in violation of General Statutes § 53a- 73a (a)(2).  The bases for Burden's

plea are non-consensual sexual-contacts with patrons of the insured's business while

Burden was an employee.  These non-consensual sexual-contacts form the basis of the

present declaratory judgment action, alleging that the damages suffered by the

defendants arose out of those non-consensual sexual-contacts with Burden, which

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

actions fall outside the scope of coverage.  Thus, the issue in the earlier adjudication and that in the present case are identical.

### 2.    Burden's Plea Of Nolo Contendere Resulted In A Judgment On The Merits

Burden's sentencing constitutes a final judgment for collateral estoppel purposes. See e.g., State v. Piorkowski, 236 Conn. 388, 401, 672 A.2d 921 (1996) ("[t]he thirty year sentence that was imposed on the defendant here constituted a final judgment"). Further, his plea of nolo contendere was a judgment on the merits because it is standard practice in Connecticut for the trial judge in the underlying criminal case to ensure that any plea, including a plea of nolo contendere, is voluntary and that a factual basis for the plea exists.  Connecticut Practice Book §§ 39-18 through 39-21.  Here, the trial court inquired of Burden regarding the facts, including **sexual contact**, in order to be satisfied that a factual basis existed for the plea of nolo contendere.  (See Canv. Trans., 7/18/2003, pp. 2-4).  Therefore, the plea is a final judgment on the merits.

### 3.    Burden's Commission Of The Criminal Act Constituting Sexual Assault In The 4th Degree, In Violation Of Conn. Gen. Stat. § 53a-73(a)(2), Was Fully And Fairly Litigated

To determine whether there was full and fair litigation of the issue involved, "the seriousness of the allegations or the criminal charge at the prior hearing is a factor to be considered." Jones, 220 Conn. at 304.  The process cannot be considered as fair if the offense charged was of a minor or trivial nature.  That is, "a defendant might not be sufficiently motivated to challenge the allegations made at trial." Id.  Likewise, if the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

hearing inherently entails procedural limitations that are absent at a later hearing, then the party might not have had a full and fair opportunity to litigate. Id.

In this case, the charges against Burden cannot be said to have been minor or trivial in nature.  Burden pleaded nolo contendere to two counts of sexual assault in the fourth degree.  Each of the sexual assault counts, as the court informed him, carried "one year suspended, three years probation.  They are to run consecutive to each other, for a total sentence of two years suspended, and three years probation. " (See Canv. Trans., p. 3, Sent. Trans., 9/11/2003, p. 29).  The sentence may not be as severe as the possible life imprisonment the defendant in Jones faced, but it certainly cannot be characterized as minor or trivial.  Additionally, there is no indication that the criminal hearing contained procedural limitations that are absent at a later proceeding.  Hence, there can be no question that the issue of whether Burden committed sexual assault was thoroughly litigated in a full adversary system.

### 4.    The Victims And Burden Share The Same Legal Rights

Connecticut has recognized that "the criminal defendant and his victim share[ ] a legal right to recover damages." Jones, 220 Conn. at 304.  In Jones, a husband was convicted of manslaughter in the first degree for the killing of his wife.  There, the court noted that the "[husband], and his wife's estate shared an identical legal right in any potential proceeds derived from the contractual relationship between [husband] and his insurance company. . . . If [the husband] fails to qualify for coverage under the policy,

- 11 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

[the wife], too, would fail to qualify. In this sense, the rights of the estate are entirely dependent upon and limited by the rights of [the husband]." Id. at 305-06. Accord, Safeco Ins. Co. of America v. Yon, 118 Idaho at 371-72, 796 P.2d 1040 (1990); New Jersey Manufacturer's Ins. Co. v. Brower, 161 N.J. Super. 293, 299, 391 A.2d 923 (1978); D'Arata v. New York Central Mutual Fire Ins. Co., 152 App.Div.2d 1004, 543 N.Y.S.2d 810 (1989), aff'd, 76 N.Y.2d 659, 564 N.E.2d 634, 563 N.Y.S.2d 24 (1990).

The rule established by the foregoing cases applies equally here. Burden and the other defendants have the same legal rights in that they are all interested in deriving a benefit, whether for defense costs or as compensation for their alleged injuries, from the policy issued by the plaintiff. Therefore, the relationship between Burden and the other defendants vis-à-vis the policy issued by the plaintiff gives them all the same legal rights so as to justify the application of collateral estoppel.

## IV.    CONCLUSION

The policy issued by the plaintiff excludes the coverage for damages arising out of any criminal act of an employee. Burden, an employee of the insured, has pled nolo contendere to the crime of sexual assault in connection with the facts alleged in the underlying complaints. Consequently, just as in Simansky, the nolo contendere plea triggers the exclusion and bars coverage for the underlying complaints. Therefore, for the reasons set forth above as well as those addressed in its March 31 motion, the plaintiff respectfully requests that this Court enter summary judgment in its favor.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**DEFENDANTS
DERMA CLINIC, INC., PATRICIA
O'REGAN BROWN, JOSEPH H.
BURDEN, HOLLY ALLEN, JANE DOE,
and MARY ROE**

By

James Somers
HALLORAN & SAGE LLP
Fed. Bar #ct 14525
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## CERTIFICATION

This is to certify that on this 24th day of October 2003, a copy of the foregoing was mailed postage prepaid to:

Mark J. Kovack, Esq.
WAKE, SEE DIMES & BRYNICZKA
27 Imperial Avenue, P.O. Box 777
Westport, CT 06881-0777
(*Counsel for defendants, Derma Clinic,
Inc. and Patricia O'Regan Brown*)

Michael A. Stratton, Esq.
Koskoff, Koskoff & Beider, P.C.
350 Fairfield Avenue
P.O. Box 1661
Bridgeport, CT 06604
(*Counsel for defendant, Jane Doe*)

Attorney Kathryn Emmett
Attorney Christine Caulfield
Emmett & Glander
45 Franklin Street
Stamford, CT 06901
(*Counsel for Defendant, Mary Roe*)

Attorney Rhonda J. Tobin
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
(*Counsel for Third–Party Defendant*)

James V. Somers

474290.1(HSFP)

– 13 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105