02CV945 objmosupmemlaw

UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2003 OCT 31  P 12: 26

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| NORTHLAND INSURANCE CO., | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 302 CV 945 (WWE) |
| DERMA CLINIC, INC., et al., | ) |
| Defendants. | ) OCTOBER 30, 2003 |

### DEFENDANTS DERMA CLINIC, INC.'S AND PATRICIA O'REGAN BROWN'S OBJECTION TO MOTION TO FILE SUPPLEMENTAL MEMORANDUM OF LAW RE: SUMMARY JUDGMENT

These defendants, **DERMA CLINIC, INC.** and **PATRICIA O'REGAN BROWN** (collectively, the "Defendants"), hereby object to the plaintiff's October 24, 2003 motion for permission to file a "supplemental" memorandum of law in support of its March 31, 2003 motion for summary judgment. The plaintiff, **NORTHLAND INSURANCE COMPANY** (the "Plaintiff"), under the guise of seeking to "supplement" its March 31, 2003 motion for summary judgment, is actually attempting to file a whole new motion for summary judgment premised on entirely new theories for recovery seven months after this Court's duly ordered deadline for filing dispositive motions[1] and, inexplicably, more than three months after the date[2] of the "new information" purportedly relied upon by Plaintiff for its present motion.

---

[1] Pursuant to this Court's Order dated February 24, 2003, dispositive motions were to be filed on or before March 31, 2003.

[2] The nolo contendere plea appended to the Plaintiff's motion papers as Exhibit "A," is dated July 8, 2003.

1

Further, without addressing the merits of the Plaintiff's argument in extensive detail and without waiver of the Defendants' objection to the so-called "supplemental" brief, that brief, among other things, is premised on state procedure and seeks to have this Court create new substantive state law.

The Plaintiff argues that it should be permitted to pursue its new theory for recovery because the Connecticut Supreme Court, in Aetna Casualty & Surety Co. v. Jones, 220 Conn. 285, 294 (1991), held that summary judgment is the "proper procedural vehicle" to determine whether collateral estoppel prevents relitigation of a legal issue. Pl. Br., at pp. 3-4. Connecticut's procedural rules play no role here. Aetna Casualty & Surety, *supra*, therefore, provides no authority for the Plaintiff to file new arguments for summary judgment.

The Plaintiff expressly concedes that Connecticut law governs the inquiry as to the preclusive effect of a plea of nolo contendere in subsequent civil proceedings, but, at the same time cites Justice Berdon's concurring opinion in State v. Daniels, 248 Conn. 64 (1999), wherein the majority expressly declined to address the issue (Id., at 73, n. 11) and both Justice Berdon and Justice McDonald opined that the defendant's "*Alford* plea does *not* stop him from protesting his innocense at a subsequent hearing [(emphasis added) Id., at 82, 83]."

Indeed, Justice Berdon's reasoning was premised, in part, by the recognition that many criminal defendants enter nolo contendere please simply to cut their losses in a system that may be "stacked against them." Id., at 81-82. The Plaintiff's own proof makes note of the fact that Mr. Burden incurred the considerable obvious expense of successfully defending five other cases before capitulating and entering a plea of nolo contendere in the three remaining cases. The Plaintiff, however, on the strength of a single trial court decision,

2

Allstate Ins. Co. v. Simansky, 45 Conn. Supp 623 (Conn. Super. Ct. 1998), seeks to have this Court rule, as a matter of law, that *the Defendants* (and not the alleged tortfeasor, as was the case in Simansky) are estopped from contesting the Plaintiff's liability to insure and defend them under the Defendants' professional liability insurance policy with the Plaintiff because of Mr. Burden's alleged nolo contendere plea in another proceeding. It is respectfully submitted that this Court should not permit the Plaintiff to proceed with this new, novel and unsubstantiated theory for recovery.

The Defendants should not be forced at this late date to expend considerably more effort and moneys fighting the Plaintiff's new theories than that which they have already invested and expended last winter when all of the parties filed competing motions and comprehensive supporting memoranda of law for summary judgment.

**WHEREFORE**, the Defendants object to the Plaintiff's motion for permission to file a "supplemental" brief.

> **THESE DEFENDANTS,**
> **DERMA CLINIC, INC.** and
> **PATRICIA O'REGAN BROWN**
>
> By _____
> Mark J. Kovack, Esq./ct01431
> WAKE, SEE DIMES & BRYNICZKA
> 27 Imperial Avenue
> Post Office Box 777
> Westport, CT 06881-0777
> Telephone: (203) 227-9545
> Telecopier: (203) 226-1641
> Their attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 30th day of October, 2003, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Attorney Elizabeth A. Fitzsimmons
James V. Somers, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(*Counsel for the Plaintiff*)

Michael A. Stratton, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, P.O. Box 1661
Bridgeport, CT 06604
(*Counsel for Defendant Jane Doe*)

Attorney Rhonda J. Tobin
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
(*Counsel for the Third-Party Defendant*)

Attorney Kathryn Emmett
Attorney Christine Caulfield
Emmett & Glander
45 Franklin Street
Stamford, CT 06901
(*Counsel for Defendants Mary Roe, Jane Doe and Holly Allen*)

_____
Mark J. Kovack