UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 10  A 10: 01

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| NORTHLAND INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 302 CV 945 (WWE) |
| ) | |
| DERMA CLINIC, INC., et al., ) | |
| ) | |
| Defendants. ) | NOVEMBER 7, 2003 |
| ) | |

**DEFENDANTS DERMA CLINIC, INC.'S AND PATRICIA O'REGAN BROWN'S REPLY BRIEF TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW RE: SUMMARY JUDGMENT**

**I.   Preliminary Statement**

These defendants, **DERMA CLINIC, INC.** and **PATRICIA O'REGAN BROWN** (collectively, the "Defendants"), file this brief in reply to the plaintiff's October 24, 2003[1] "supplemental" memorandum of law, whereby **NORTHLAND INSURANCE COMPANY** (the "Plaintiff") argues that it is entitled to a summary judgment against the Defendants because of plea agreement reached between the State of Connecticut and defendant **JOSEPH BURDEN** ("Burden") on July 8, 2003 in a criminal proceeding formerly pending in Norwalk. The Plaintiff claims that the Defendants should be collaterally estopped from seeking the insurance coverage for which they paid Plaintiff because Burden, after being acquitted by a jury in five other cases of alleged sexual assault, entered a plea of nolo contendere to resolve the three remaining cases pending against him. Specifically, according

---

[1] By Order dated October 28, 2003, this Court granted the Plaintiff permission to file its supplemental memorandum dated October 24, 2003.

1

to the Plaintiff's proffer, Burden plead "no contest" to a charge of breach of the peace in the second degree and to two charges of sexual assault in the fourth degree. The Plaintiff has offered no proof, however, that any of the former state court matters involved the same parties named herein. Even assuming that the defendants Allen, Doe and Roe somehow match up with the three anonymous defendants in the state proceedings, material issues of fact exist as to whether the conduct that forms the basis of the respective civil charges brought by Allen, Doe and Roe is identical to the charges that Burden avoided the cost and expense of trying in state court by entering into a plea agreement.

Further, although the Plaintiff expressly concedes that Connecticut law governs the inquiry as to the preclusive effect of a plea of nolo contendere in subsequent civil proceedings, it ignores the fact that Connecticut's Supreme Court has consistently held that a plea of nolo contendere may have no currency beyond the case in which it was rendered. The Plaintiff seeks to have this Court create new, substantive state law by holding that a prior plea of nolo contendere and a conviction based thereon can be accepted into evidence to establish the fact of criminal conduct for the purpose of this subsequent civil proceeding. The Plaintiff's position is without precedent and should be rejected.

## II. Law and Argument

"[U]nder [Connecticut] law a prior plea of nolo contendere and a conviction based thereon may not be admitted into evidence in a subsequent civil action or administrative proceeding to establish either an admission of guilt or the fact of criminal conduct. Groton v. United Steel Workers of America, 254 Conn. 35, 51, 757 A.2d 501 (2000). A nolo contendere plea is not "admissible ... as res judicata establishing that the plaintiff was engaged in a criminal act." Lawrence v. Kozlowski, 171 Conn. 705, 711, n. 4, 372 A.2d 110

2

(1976), cert. denied, 431 U.S. 969 (1977). Thus, for example, the record of a prior conviction of a plaintiff for breach of the peace, based upon a nolo contendere plea, "was not admissible as res judicata" in a subsequent civil proceeding. Krowka v. Cold Patent Fire Arm Mfg. Co., 125 Conn. 705, 714, 8 A.2d 5 (1939). The Plaintiff asks this Court to disregard this long line of Connecticut precedence and hold that Burden's prior pleas of nolo contendere (including his breach of the peace plea) and the conviction based thereon is res judicata to establish an admission of guilt or the fact of criminal conduct with respect to the *Defendants* and *their* right to be defended and/or indemnified under *their* professional liability policy with the Plaintiff.

Although Groton v. United Steel Workers, *supra*, 254 Conn. 51-52, did carve out an exception to the traditional limitations imposed on the collateral effects to be given to a conviction based on a nolo plea, that exception is extremely narrow and was expressly reserved for the "private realm of arbitration" within the context of an employer-employee relationship. Id., at 52. As such, Groton plays no role here other than to the extent that the Court therein reaffirmed the traditional rule of judicially imposed limitations on the collateral effects to be given, in a civil litigation context such as the case at bar, to a conviction based on a nolo plea. Id. Indeed, Justice Katz in Groton wrote a forceful dissent questioning the wisdom of allowing any preclusive effect to nolo contendere pleas even within the unique and narrow context of private, voluntarily agreed to arbitrations. Id., at 53-60.

As Justice Katz recognized, the "limited evidentiary value [of a nolo contendere plea] is undisputed." Id., at 55. This is because "a plea of nolo contendere is merely a declaration by the accused that he will not contest the charge, and even though followed by a finding of guilty and the imposition of a fine or other penalty, is not admissible, either as a verbal

3

admission or an admission by conduct." Id., at 55-56 (quoting Lawrence v. Kozlowski, *supra*, 171 Conn. 711-12, n. 4). "Pleas of nolo contendere may be rendered for reasons of convenience and without much regard to guilt and collateral consequences ..." and are inherently "inconclusive" and "ambiguous" by nature." Id. Many criminal defendants enter nolo contendere pleases simply to cut their losses in a system that may be "stacked against them." State v. Daniels, 248 Conn. 64, 81-82, 726 A.2d 520 (1999) (concurring opinion).

The Plaintiffs seek to elevate Burden's nolo plea to an unprecedented status by asking this Court to give the plea res judicata effect by using it to establish criminal conduct for purposes of this civil proceeding. The Plaintiff, on the strength of a single trial court decision, Allstate Ins. Co. v. Simansky, 45 Conn. Supp 623 (Conn. Super. Ct. 1998), seeks to have this Court rule, as a matter of law, that *the Defendants* (and not the alleged tortfeasor, as was the case in Simansky) are estopped from enforcing the Plaintiff's obligation to insure and defend them under the Defendants' professional liability insurance policy with the Plaintiff because of *Burden's* plea agreement in another proceeding. Allstate, therefore, is factually distinct from this case as the Defendants did not plead no contest to any charges. Further, the Plaintiff's application of the trial court's decision in Allstate is contrary to the Supreme Court's clear declaration in Lawrence v. Kozlowski, *supra*, 171 Conn. 711-12, n. 4, that "a plea of nolo contendere is merely a declaration by the accused that he will not contest the charge, and even though followed by a finding of guilty and the imposition of a fine or other penalty, is not admissible, either as a verbal admission or an admission by conduct." The Plaintiff's use of Allstate grossly exceeds and is entirely inconsistent with the narrow exception carved out from the Lawrence v. Kozlowski rule of

4

preclusion by the Court in <u>Groton v. United Steel Workers</u>, *supra*, for private arbitrations involving employer/employee disputes.

Accordingly, there is no Connecticut precedent to support the Plaintiff's state law claim that Burden's prior plea agreement is admissible to establish an admission of guilt or the fact of criminal conduct for purposes of this case. It is beyond question that Connecticut law precludes the use of Burden's nolo contendere plea to establish guilt or criminal conduct in the three underlying civil actions brought against the Defendants by Allen, Doe and Roe. There is no legal basis for this Court to preclude the Defendants from having the Plaintiff provide them with a defense in the three civil actions because of Burden's no contest plea in his prior criminal proceeding. The Plaintiff concedes that its duty to defend is broader than and beyond the scope of its duty to indemnify. The Plaintiffs, therefore, should not be permitted to skirt its obligation to defend the Defendants in the Allen, Doe and Roe suits simply because of Burden's plea of no contest in the criminal cases. There is no proof of what Burden did or did not do and his plea agreement does not change that fact. Under Connecticut law, Burden's plea cannot be given res judicata effect to establish criminal conduct and deny the Defendants the opportunity to have the Plaintiff provide them with a defense in the civil actions.

The Plaintiff's reliance on <u>Aetna Casualty & Surety Co. v. Jones</u>, 220 Conn. 285, 596 A.2d 414 (1991) (Pl. Br., at pp. 9, 10, 11-12), is wholly misplaced. <u>Jones</u> involved the criminal conviction of a husband for killing his wife by a jury of 12. <u>Id</u>., at 287-88. The Court held that the issue of the husband's intent to cause the death of his wife, which the jury specifically decided on the merits, was "identical" to the issue of intent for purposes of the insurance policies at issue, which excluded coverage for injuries intentionally caused by the

5

insured. Id., at 298-99. There is no basis here to rule as a matter of law that Burden's plea of no contest to charges of breach of the peace and sexual assault involving anonymous victims is identical to the claims made by Allen, Doe and Roe, constitutes "thoroughly litigated" finding as claimed by the Plaintiff (Pl. Br., at p. 11), or is legally binding on the Defendants with respect to Allen's, Doe's and Roe's respective claims of negligence against the Defendants.

### III.  Conclusion

Accordingly, for all of the reasons stated herein, as well as in the Defendant's initial objection to the Plaintiff's "supplemental" memorandum and their prior briefs in support of their own motion for summary judgment and in opposition to the Plaintiff's original motion, the Plaintiff should be denied summary judgment.

> THESE DEFENDANTS,
> DERMA CLINIC, INC. and
> PATRICIA O'REGAN BROWN
>
> By _____
> Mark J. Kovack, Esq./ct01431
> WAKE, SEE DIMES & BRYNICZKA
> 27 Imperial Avenue
> Post Office Box 777
> Westport, CT 06881-0777
> Telephone:  (203) 227-9545
> Telecopier: (203) 226-1641
>
> Their attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 7th day of November, 2003, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Attorney Elizabeth A. Fitzsimmons
James V. Somers, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(*Counsel for the Plaintiff*)

Michael A. Stratton, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, P.O. Box 1661
Bridgeport, CT 06604
(*Counsel for Defendant Jane Doe*)

Attorney Rhonda J. Tobin
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
(*Counsel for the Third-Party Defendant*)

Attorney Kathryn Emmett
Attorney Christine Caulfield
Emmett & Glander
45 Franklin Street
Stamford, CT 06901
(*Counsel for Defendants Mary Roe, Jane Doe and Holly Allen*)

Mark J. Kovack