UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NORTHLAND INSURANCE COMPANY
UNDERWRITING AS NORTHFIELD
INSURANCE COMPANY

    Plaintiff        :   CIVIL ACTION
                  NO. 302 CV 945 (WWE)
V.                :

DERMA CLINIC, INC.; PATRICIA O'REGAN
BROWN; JOSEPH H. BURDEN;
HOLLY ALLEN; JANE DOE; AND MARY ROE

    Defendants       :   NOVEMBER 24, 2003

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**I. PRELIMINARY STATEMENT**

In their November 7, 2003 reply brief, the defendants mischaracterize the plaintiff's position as an attempt to persuade this court to disregard prior Connecticut decisions on the admissibility of nolo contendere pleas. See Defendants Derma Clinic, Inc.'s and Patricia O'Regan Brown's Reply Brief, p. 3 ("Defendants' Reply Brief"). They also take issue with Joseph Burden's commission of the crime of sexual assault in the fourth degree in violation of General Statutes § 53a- 73a (a)(2) as being an issue that was fully and fairly litigated. Finally, they try to create ambiguity as to the identity of the victims, Allen, Doe and Roe, that Joseph Burden sexually assaulted and for which

One Goodwin Square      HALLORAN      Phone (860) 522-6103
225 Asylum Street       & SAGE LLP      Fax (860) 548-0006
Hartford, CT 06103                  Juris No. 26105

criminal acts he pleaded nolo contendere. The defendants' arguments should all be rejected by this court.

## II.  LEGAL ARGUMENT

### A.  Connecticut Has Given Collateral Estoppel Effect To A Conviction Following A Nolo Contendere Plea In An Insurance Coverage Action

The defendants argue that the plaintiff's position would require this court to disregard several cases that held that a prior plea of nolo contendere, and a conviction based thereon, may not be admitted into evidence in a subsequent civil proceeding to establish either an admission of guilt or the fact of criminal conduct. Defendants' Reply Brief, p. 3. The defendants argue that although Allstate Ins. Co. v. Simansky, 45 Conn. Supp. 623, 628 (1998), supports the plaintiff's position, it is inconsistent with those other cases.

The defendants are missing the point. It is not the plaintiff's position that a prior plea of nolo contendere may be admitted into evidence in <u>all</u> subsequent civil proceedings to establish either an admission of guilt or the fact of criminal conduct. The plaintiffs' position is simply that Connecticut does give collateral estoppel effect to a conviction following a nolo contendere plea in an insurance coverage action. In Simansky, the court held that a conviction following a nolo contendere plea could have a collateral consequence on the applicability of an exclusion in an insurance policy for damages caused by criminal acts of the insured. Id. "For purposes of the exclusion,

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the conviction cannot be disregarded as if it did not happen. It did happen, and in so happening triggered the exclusion." Id. at 627.

Distinguishing Krowka v. Colt Patent Fire Arm Mfg. Co., 125 Conn. 705, 713 (1939), the Simansky court reasoned that the case before it was a declaratory judgment action seeking the enforcement of a contractual provision, as opposed to a situation where a victim brings a civil suit for injuries resulting from the occurrence underlying the plea. Id. at 627. The court noted that where what is sought is the enforcement of a contractual provision, a conviction based on a plea of nolo contendere is "conclusive evidence of the insured's guilt. No independent examination of the underlying fact should be undertaken in order to ascertain his guilt of the crime. Although a conviction may or may not be conclusive evidence of the underlying facts, it is to be accorded preclusive effect with respect to the insured's commission of the crime." Id. at 626.

Notably, the defendants offer no arguments rebutting Simansky's holding that the insurance coverage context is distinguishable from that where a victim brings a civil suit for injuries resulting from the occurrence underlying the plea. Instead, they rely heavily on Lawrence v. Kozlowski, 171 Conn. 705, 711-12, n.4 (1976), cert. denied, 431 U.S. 969 (1977), for the proposition that "a plea of nolo contendere is merely a declaration by the accused that he will not contest the charge, and even though followed by a finding of guilty and the imposition of a fine or other penalty, is not admissible, either as a verbal admission or an admission by conduct." The defendants, however, ignore extensive Connecticut precedent holding that this rule is not applicable in all situations.

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

For example, in Kostrzewski v. Commissioner of Motor Vehicles, 52 Conn.App. 326, 333-35, cert. denied, 249 Conn. 910 (1999), the Appellate Court upheld an administrative proceeding which suspended the driver's license of a resident-motorist following the motorist's conviction in Florida pursuant to a nolo contendere plea.  See also Town of Groton v. United Steel Workers of America, 254 Conn. 35, 757 A.2d 501, 512 (2000) (a nolo contendere plea had collateral estoppel effect so as to permit an employer to discharge an employee who pleaded nolo contendere to charges of embezzlement.)  Thus, ample authority exists to support the proposition applied by the court in Simansky – namely, that nolo contendere pleas are admissible in certain situations, and that Burden's nolo contendere plea is admissible here to bar coverage.

Although the Connecticut Supreme Court has not yet ruled on the narrow issue of whether a nolo contendere plea triggers an exclusion in an insurance policy, Simansky is completely consistent with existing precedent and is persuasive here. "When neither the state's highest court nor its intermediate appellate courts have ruled on an issue, federal courts should give *some weight to state trial court decisions*." (Emphasis added.)  17A J. MOORE, MOORE'S FEDERAL PRACTICE (3d Ed. 2003) § 124.20[3], p. 124-78; King v. Order of United Commercial Travelers of America, 333 U.S. 153, 162 (1948) (NO. 171) ("Nor is our decision to be taken as promulgating a general rule that federal courts need never abide by determinations of state law by state trial courts.  As indicated by the Fidelity Union Trust Co. case, other situations in other

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

states may well call for a different result.")  Thus, the defendants' contention that Simansky should be disregarded is misinformed.

### B. Burden's Commission Of The Criminal Act Constituting Sexual Assault In The 4th Degree, In Violation Of Conn. Gen. Stat. § 53a-73(a)(2), Was Fully And Fairly Litigated

Burden's commission of the criminal act constituting sexual assault in the 4th degree was fully and fairly litigated.  To determine whether there was full and fair litigation of the issue involved, "the seriousness of the allegations or the criminal charge at the prior hearing is a factor to be considered."  Aetna Casualty & Surety Co. v. Jones, 220 Conn. 285, 304 (1991).  The defendants do not argue that Burden was not sufficiently motivated, given the nature of the charges against him, to challenge the allegations made at trial.  They also do not contend that there existed procedural limitations inherent in the hearing that resulted in his plea that are absent at a later hearing.

It is worth re-emphasizing that the bases for Burden's plea are non-consensual sexual-contacts with patrons of the insured's business while Burden was an employee.  These non-consensual sexual-contacts form the basis of the present declaratory judgment action, which asserts that the damages suffered by the defendants arose out of those non-consensual sexual-contacts with Burden, thus barring coverage.  Therefore, the issue in the earlier adjudication and that in the present case are identical.

Moreover, the defendants' claim that since they were not parties to the original criminal proceedings, the application of collateral estoppel is inappropriate is

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

unfounded. That claim is predicated upon the assumption that collateral estoppel applies only where there is mutuality between the parties. Connecticut, however, has abandoned the requirement that mutuality exist in order for collateral estoppel to apply. Labbe v. Hartford Pension Com'n, 239 Conn. 168, 186 (1996).

### C. Conn. Gen. Stat. § 54-86e Prohibits The Disclosure Of The Identity Of Alleged Victims Of Sexual Assaults

The short answer to the defendants' contention that they are unable to determine the identity of the victims Burden sexually assaulted, and for which crime he pleaded nolo contendere, is that Conn. Gen. Stat. § 54-86e prohibits the disclosure of the identity of alleged victims of sexual assaults. That fact should not preclude summary judgment. If the defendants are really contending that Allen, Doe and Roe are not the victims as to whom Burden pleaded nolo contendere, then there are other avenues that the court can pursue in determining the identity of the victims, such as arranging for *in camera* or confidential review of the Superior Court's records.

### III. CONCLUSION

The policy issued by the plaintiff excludes coverage for damages arising out of any criminal act of an employee. Burden, an employee of the insured, has pled nolo contendere to the crime of sexual assault in connection with the facts alleged in the underlying complaints. Consequently, just as in Simansky, the nolo contendere plea triggers the exclusion and bars coverage for the underlying complaints. Therefore, for

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the reasons set forth above as well as those addressed in its October 24, 2003 brief, the plaintiff respectfully requests that this court enter summary judgment in its favor.

>       PLAINTIFF,
>       NORTHLAND INSURANCE COMPANY
>       UNDERWRITING AS NORTHFIELD
>       INSURANCE COMPANY
>
>       By_____
>       James V. Somers
>       HALLORAN & SAGE LLP
>       Fed. Bar #ct 14525
>       One Goodwin Square
>       225 Asylum Street
>       Hartford, CT 06103
>       (860) 522-6103

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 24th day of November 2003, I hereby mailed a copy of the foregoing to:

Mark J. Kovack, Esq.
WAKE, SEE DIMES & BRYNICZKA
27 Imperial Avenue, P.O. Box 777
Westport, CT 06881-0777
(*Counsel for defendants, Derma Clinic, Inc. and Patricia O'Regan Brown*)

Michael A. Stratton, Esq.
Koskoff, Koskoff & Beider, P.C.
350 Fairfield Avenue
P.O. Box 1661
Bridgeport, CT 06604
(*Counsel for defendant, Jane Doe*)

Attorney Kathryn Emmett
Attorney Christine Caulfield
Emmett & Glander
45 Franklin Street
Stamford, CT 06901
(*Counsel for Defendant, Mary Roe*)

Attorney Rhonda J. Tobin
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
(*Counsel for Third–Party Defendant*)

_____
James V. Somers

487100.1(HSFP)

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105