UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*FILED*
*MAR 11  11 05 AM*
*U.S. DISTRICT COURT*
*NEW HAVEN, CONN.*

NORTHFIELD INSURANCE COMPANY,  :
            Plaintiff  :
              :
              : -
     v.  :  3:02-CV-945 (EBB)
              :
DERMA CLINIC, INC., PATRICIA  :
O'REGAN BROWN; JOSEPH H. BURDEN;  :
HOLLY ALLEN; JANE DOE; AND  :
MARY ROE,  :
            Defendants  :
              :

---

DERMA CLINIC, et al.,  :
              :
Defendants/Third-Party Plaintiffs:
              :
     v.  :
              :
THE NORTHERN INSURANCE COMPANY  :
OF NEW YORK,  :
              :
Third-Party Defendant,  :

**RULING ON MOTION FOR SUMMARY JUDGMENT BY THIRD-PARTY
DEFENDANT, THE NORTHERN INSURANCE COMPANY OF NEW YORK**

The Third-Party Defendant, The Northern Insurance Company of New York ("Northern"), issued a commercial general liability policy to Derma Clinic ("DC"), Policy Number PAS 36433630, with effective dates of March 17, 2000 through March 17, 2001 (the "Policy"). DC is a named insured and Patricia O'Regan Brown ("Brown"), as an executive officer of DC, is also an insured under the Policy.

The Policy specifically excludes coverage for:

> o. **Professional**.
>
>> (1) Any "bodily injury" . . . **arising out of** the rendering or failure to render any **professional service**, including but limited to:
>>
>>> (b) Medical, cosmetic, dental, ear piercing, hair dressing, **massage**, physical therapy, veterinary, nursing, surgical or x-ray services, advice or instruction.
>
> h.(1) Dishonest or **criminal act** by you, any of your partners, employees . . .

**Exclusions**, §§ 2.o.(1)(b); h.(1)(emphasis added).

"Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease." **SECTION V DEFINITIONS** at 3.

Northern now moves for summary judgment, asserting that the Third-Party Plaintiffs do not have coverage for the underlying actions brought against them.[1]/

## LEGAL ANALYSIS

On this day, this Court has rendered its Ruling on Cross-Motions for Summary Judgment. The Court assumes familiarity with that Ruling. The Court hereby ADOPTS such Ruling as if set forth in full herein, and hereby GRANTS Northern's Motion for Summary

---

[1]/ The <u>Allen</u> Suit, the <u>Doe</u> Suit, and the <u>Roe</u> Suit. See **Ruling on Cross-Motions for Summary Judgment**, issued this date.

Judgment. The facts and the legal analysis of the concomitant Ruling mirrors that warranted herein, as does the virtually identical exclusionary language in both Policies. DC and Brown have conceded that coverage is "apparent[ly] exclu[ded] under Derma Clinic's commercial general liability with the third-party defendant, The Northern Insurance Company of New York." See Defendants Derma Clinic, Inc.'s and Patricia O'Regan Brown's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment at 9 (April 11, 2003). See e.g., United National Insurance Co. v. Waterfront N.Y, Realty Corp., 994 F.2d 105 (2d Cir.1993)(holding that criminal acts exclusion barred coverage for patron's claim of negligent maintenance of nightclub; action was, in reality, premised upon criminal acts of rape and sodomy of patron which conduct was explicitly excluded by policy). See also Holy Trinity Church of God in Christ v. Aetna Casualty and Surety Co., 214 Conn.216, 224 n.5 (1990)(The term "arising out of" in an exclusionary provision "is manifestly unambiguous and signifies that a causal relationship between the injury and the excluded activity, as defined therein, removes the injury from the ambit of the policy's coverage."). Regardless of Third-Party Plaintiffs' argument to the contrary, "[a]s Holmes observed, even a dog knows the difference between being tripped over and being kicked." American National Fire Ins., Co. v. Schuss, 221 Conn. 768, 776-67 (1992).

3

## CONCLUSION

As with the original Northland Amended Complaint, the Third-Party Plaintiffs herein have failed to make a sufficient showing as to any essential element of their case with respect to which they would have the burden of proof at trial. Accordingly, summary judgment is appropriate, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986), and Northern's Motion [Doc.No.42] is thus GRANTED.

The Clerk is ordered to close this case.

SO ORDERED

/s/ Ellen B. Burns

ELLEN BREE BURNS

SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 11th day of March, 2004.

4